**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MAMAKA BILITY** : <br> 1007 School Street : <br> Darby, PA : <br>        **Plaintiff** : <br> : <br>     vs. : <br> : <br> **Step By Step** : <br> 201 Maple Avenue <br> **Clifton Heights, PA** : <br> : <br> : <br>        **Defendant** : <br> : | **CIVIL ACTION** <br> **NO.:** <br><br><br><br> **PLAINTIFF REQUESTS A TRIAL** <br> **BY JURY** |

**COMPLAINT**

I. **PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Brittany Smallwood. Plaintiff was an employee of Defendant, STEP BY STEP, who has been harmed by the Defendant's discriminatory employment practices.

2. This action arises under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family Medical Leave Act.

1

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA").

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant, and specific jurisdiction over this matter as the events giving rise to the claim occurred in the Eastern District.

## III. PARTIES

5. The Plaintiff herein is Mamaka Bility, former employee of the Defendant.

6. The Defendant herein is Step By Step. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under Title VII, the ADA and the FMLA

## IV. UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff for approximately four years as a Certified Nursing Assistant.

9. In or around August 2018, Plaintiff discovered she was pregnant and told the Defendant.

10. Around this same time, Plaintiff's mother who lives outside the country fell ill.

11. Plaintiff informed Defendant of the illness and requested FMLA leave to care for her ailing mother.

12. Plaintiff's FMLA leave was accepted.

13. Plaintiff's began on February 26, 2019 and was planned on lasting 12 weeks.

14. On or around March 27, 2019, Plaintiff returned to the United States. She informed Defendant she could return to work immediately, ending her FMLA leave six weeks early.

15. Plaintiff had a return to work date of March 31, 2019.

16. However, Plaintiff than fell severely ill, and went to the hospital to seek treatment.

17. Plaintiff was diagnosed with malaria.

18. Due to her illness, Plaintiff's husband called and left Defendant a message stating same and that Plaintiff would need more time off of work.

19. On or about March 30, 2019, Plaintiff's husband called Defendant again and informed them of Plaintiff's hospitalization and need for more time of to treat same.

20. Defendant wished Plaintiff a speedy recovery.

21. At no point was it stated that Plaintiff's employment was in jeopardy.

22. On or about April 2, 2019, Plaintiff was discharged from the ICU.

23. Later that day, Defendant contacted the Plaintiff and fired her due to her inability to return to work.

24. This was a shock to Plaintiff, as she was out sick with malaria, still had FMLA leave available to her, was within her originally planned FMLA leave, and was set to go out on pregnancy leave shortly due to her pregnancy.

25. Plaintiff was discriminated against for her pregnancy, disability/perceived disability, request for reasonable accommodation, and pursuit of FMLA leave.

## COUNT I

### DISCRIMINATION AND RETALIATION UNDER TITLE VII

26. Paragraphs 1-24 are incorporated herein as if set forth at length.

27. Plaintiff was pregnant, thus making her a protected class under the Pregnancy Discrimination Act amendments to Title VII

28. Plaintiff was terminated when Defendant knew she would need to take pregnancy leave.

29. Plaintiff was terminated because of her pregnancy.

30. Plaintiff's termination was illegal under Title VII.

31. Defendant, its upper level managers, and supervisors all violated Title VII by terminating the Plaintiff.

## COUNT II
### DISCRIMINATION AND RETALIATION UNDER THE ADA

32. Paragraphs 1-31 are incorporated as if repeated at length herein.

33. Plaintiff was sick with malaria, which interfered one or more of her major life activities.

34. As such, Plaintiff was disabled under the ADA.

35. Due to her disability, Plaintiff required a reasonable accommodation of time out of work.

36. Plaintiff's husband kept the Defendant informed of her condition and the need for a reasonable accommodation of a leave of absence.

37. Nevertheless, Plaintiff was fired right after being released from the ICU.

38. Plaintiff's termination violated the ADA in two ways.

39. First, it was discrimination based on a disability/perceived disability.

40. Second, it was retaliation for requesting and seeking a reasonable accommodation.

41. Defendant violated the ADA, and its upper level managers knew, should have known, or participated in the termination.

## COUNT III

## Retaliation and Interference Under the FMLA

42. Plaintiff incorporates paragraphs 1 through 46 as if repeated at length herein.

43. Plaintiff was entitled to FMLA leave.

44. Plaintiff took FMLA leave to visit her mother.

45. Plaintiff ended her FMLA leave early in order to return to work.

46. However, Plaintiff than became ill, and needed additional leave to treat her illness and recover.

47. In addition, Defendant knew Plaintiff was going to eventually take FMLA leave for her pregnancy

48. Defendant interfered with her taking FMLA leave.

49. Before she could even take the additional FMLA leave, she was terminated.

50. Along with this interference, Defendant retaliated against Plaintiff for taking the original FMLA leave.

51. Defendant violated the FMLA by terminating the Plaintiff.

52. Defendant's upper level managers and supervisors knew, should have known, or actively participated in this violation of the FMLA.

## PRAYER FOR RELIEF

53. Plaintiff incorporates paragraphs 1 through 52 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in her favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on her disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.